[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a appeal from a final decision of the respondent Freedom of Information Commission of the State of Connecticut (FOIC) pursuant to sections 1-21i(d) and 4-183 of the Connecticut General Statutes. The appellant seeks to vacate and set aside or modify the final decision of the FOIC dated October 10, 1990. Because the appellant has failed to show she is an "aggrieved party" in this matter as required by Conn. Gen. Stat. 1-21i(d) and Conn. Gen. Stat. 4-183(a), the appeal is dismissed.
I. FACTS
The appellant Susan G. Kniep is the mayor of East Hartford, a municipal corporation authorized and existing CT Page 9815 under the laws of the State of Connecticut. On April 4, 1990, the respondent Gary D. LeBeau, then a member of the East Hartford Town Council, requested that the appellant provide copies of resumes for all Directors hired, as well as copies of postings and/or advertisements for these positions, and to provide LeBeau access to the resumes of all applicants for positions of Director.
The appellant provided the respondent with most of the materials requested, but refused to provide him with copies of the resumes of unsuccessful applicants for the positions of Directors. On April 20, 1990, respondent LeBeau filed a formal complaint with the State of Connecticut Freedom of Information Commission, and a FOIC hearing was scheduled for August 6, 1990.
On August 6, 1990, a hearing was held before Commissioner Deane C. Avery, at which time the appellant appeared to defend her refusal to provide the respondent with copies of the unsuccessful candidates' resumes. The appellant claimed that disclosure of the resumes would constitute an unwarranted invasion into the privacy of the unsuccessful candidates in violation on Conn. Gen. Stat. 1-19 (b)(2)[1]. Commissioner Avery submitted a report following this hearing, which was considered and adopted as a final decision by the full Freedom of Information Commission on October 10, 1990. The final decision found that ". . . the personal privacy interests of the unsuccessful applicants in their personal identities outweighs the public interest in disclosure of their identities." FOIC Final Decision, paragraph 12 (October 10, 1990). The Commissioner ordered the appellant to provide the resumes to the respondent, but to mask or delete any information that would personally identify the applicants. To date, the appellant has not provided copies of the unsuccessful candidates' resumes to the respondent in any form, and has appealed the decision of the FOIC to this court.
II. JUDICIAL REVIEW
Conn. Gen. Stat. 1-21i(d) provides that "[a]ny party aggrieved by the decision of said [Freedom of Information] commission may appeal therefrom, in accordance with the provisions of section 4-183." In determining if this court has subject matter jurisdiction to hear this appeal pursuant to section 1-21i(d), it must consider the issue of whether the appellant is in fact an "aggrieved party." The fundamental test for determining aggrievement was definitively set forth by the Supreme Court in Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483 (1978) where the court held that: CT Page 9816
 . . . [D]etermining aggrievement encompasses a well settled twofold determination: first, "the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (citing Nader v. Altermatt, 166 Conn. 43, 51 (1974).
Id. at 493. The Mystic court also held that "the determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact." Id., see also Nader, supra at 53; New Haven v. Public Utilities Commission, 165 Conn. 687, 700 (1974).
In the present case, the respondent FOIC concedes that the plaintiff has met the first element of the aggrievement test, but challenges the second, claiming that the appellant can not and has not proved that the commission's final decision has "injuriously affected" her. This court agrees. Since the appellant has yet to attempt to comply with the FOIC's order, it would be impossible for her to prove that such compliance has injured her. For this reason, the appeal before this court is premature.
The appellant was authorized in the FOIC order of October 10, 1990 to use her discretion to selectively mask or delete information within the resumes which would personally identify the unsuccessful applicants. Until she has taken such action and turned them over to the respondent Gary D. LeBeau as ordered, she cannot show any injury as a result of the FOIC order. Until the appellant complies with the FOIC order and then shows that the order injuriously affected her, she cannot be considered an "aggrieved party" under Conn. Gen. Stat.1-21i(d) and the Supreme Court's holding in Mystic, supra.
The plaintiff also claims that disclosure of the resumes of unsuccessful job applicants to respondent LeBeau will cause a "chilling effect" upon the application process, resulting in fewer and less-qualified applicants to public service positions. The court finds this claim to be little more than speculation. The plaintiff must first comply with the FOIC order before she could show any such "chilling effect" upon the Town of East Hartford's employment application process. CT Page 9817
For the reasons stated above, the appellant's appeal under Conn. Gen. Stat. 1-21i(d) and 4-183 (a) is dismissed.
By the court, Jonathan J. Kaplan, Judge